# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JAMES G. BAKER, *as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE COMPANY,

    *Defendant*.

CIVIL ACTION NO.
1:26-CV-00163-JPB

## JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 26(c), the Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J. P. Boulee, and for good cause shown, Plaintiff, James G. Baker, as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George, and Defendant Aspen Specialty Insurance Company ("Aspen"), each through their respective counsel, move the Court for entry of the Consent Protective Confidentiality Order, attached hereto. In support, the Parties state:

1.    The Parties agree to the attached Consent Protective Confidentiality Order.

1

2.      The Parties believe in good faith that discovery in this action will require the production or disclosure of confidential, personal or private health and identifying information as well as commercial, financial, competitively sensitive, or other confidential business information or data.

3.      The Parties wish to preserve the confidentiality of such information as well as avoid waiver of the attorney-client privilege, work product doctrine or any other privilege or immunity.

To that end, the Parties hereby request the Court enter the Consent Protective Confidentiality Order attached hereto.

Respectfully submitted this 1st day of June, 2026.

[*Signatures appear on the following page.*]

/s/ *Benjamin W. Thorpe*
Benjamin W. Thorpe
Naveen Ramachandrappa
Matthew R. Sellers
E. Allen Page
Kayla P. Gannon
**Bondurant, Mixson & Elmore, LLP**
1201 W Peachtree St NW, Suite 3900
Atlanta, Georgia 30309
Tel: (404) 881-4100
thorpe@bmelaw.com
ramachandrappa@bmelaw.com
sellers@bmelaw.com
page@bmelaw.com
polonsky@bmelaw.com

*Attorneys for Plaintiff James G. Baker, as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*

/s/ *Shari L. Klevens*
Shari L. Klevens
**Dentons US LLP**
303 Peachtree Rd NE, Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
shari.klevens@dentons.com

Christina M. Carroll
(admitted *pro hac vice*)
**Dentons US LLP**
1900 K Street NW
Washington, DC 20006
Tel: (202) 496-7212
christina.carroll@dentons.com

*Attorneys for Defendant Aspen Specialty Insurance Company*

3

# CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this filing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman, 14- point type.

/s/ *Benjamin W. Thorpe*
Benjamin W. Thorpe

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, the undersigned electronically filed the foregoing **JOINT MOTION FOR ENTRY OF CONSENT PROTECTIVE CONFIDENTIALITY ORDER** using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ *Benjamin W. Thorpe*
Benjamin W. Thorpe

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMES G. BAKER, *as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*,

    *Plaintiff*,

v.

ASPEN SPECIALTY
INSURANCE COMPANY,

    *Defendant*.

CIVIL ACTION FILE
NO. 1:26-CV-00163-JPB

## CONSENT PROTECTIVE CONFIDENTIALITY ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and among, Plaintiff James G. Baker, as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George, and Defendant Aspen Specialty Insurance Company ("Aspen") (collectively, the "Parties"), through their respective undersigned counsel, that the following terms and conditions of this Consent Protective Confidentiality Order (the "Order") shall govern the handling of documents, including hard copy and electronically stored information ("ESI"), depositions and deposition exhibits, written discovery responses, testimony, things, and portion(s) of any of the foregoing, and any other information produced, given, or exchanged between any

6

party to this case and any other party or non-parties in the above-referenced action (collectively, the "Material"). The Parties agree to avoid waiver of privilege or work product protections through the protections afforded by Federal Rule of Evidence 502(d). By entering into this Order, the Parties do not waive any rights to challenge the admissibility or relevance of evidence at trial.

**Confidential Material**

1. Any Party required to produce documents or information, or to provide testimony pursuant to a subpoena or court order, may designate as "Confidential" and subject to this Order any Material: (a) containing or reflecting a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4), or other proprietary, commercial, financial, technical, competitively sensitive, or confidential business information or data; (b) containing personal identifying information or personal or private information such as health information; (c) containing information received in confidence; or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, the "Confidential Material").

2. Any Party or other person or entity giving deposition testimony or counsel for a Party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof (to the extent not already

7

designated as confidential or protected), as Confidential Material by advising the reporter and all Parties of such designation during the deposition or by letter to the reporter and all Parties within 30 calendar days of receipt of the final transcript of the deposition testimony, except in the event that a hearing on related issues is scheduled to occur before the 30-day period is complete, in which case the 30-day period will be reduced to 3 business days after any Party provides notice that such designation is necessary in light of the upcoming hearing.  In order to facilitate the targeted designation of deposition testimony, a Party may also designate testimony and exhibits as Confidential after the deposition, by providing designations by 30 calendar days after receipt of the transcript.  Deposition testimony and deposition exhibits shall be treated as Confidential Material at least until that 30-day period has expired and the Party has produced a list of any relevant designations.  Transcripts of deposition testimony designated as Confidential Material shall be marked "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" on each page.

3.	Confidential Material may be used only for purposes of the above-captioned litigation and any related appeal and shall not be used for any other purpose.  Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 5 of this Order, unless the receiving Party obtains prior written agreement from the producing Party or this Court orders otherwise.

4.    A receiving Party may not upload, input, or otherwise disclose any Confidential Material into any generative artificial intelligence system that uses or may use such Confidential Material to train or improve any artificial intelligence model that is available to the public or any other person not authorized to have access to Confidential Information.  A receiving Party may utilize artificial intelligence systems provided that Confidential Material is not further disclosed or used in any manner inconsistent with this Order.  Permitted artificial intelligence systems must (1) operate within a closed, private, limited, secure universe, including enterprise versions of web-based systems, (2) not use Confidential Material to train or improve any artificial intelligence model that is available to the public or any other person not authorized to have access to Confidential Material, (3) ensure such Confidential Material remains fully isolated within each organization's or their vendor's dedicated workspace, and (4) otherwise comply with this protective order.

5.    Confidential Material may only be disclosed to the following individuals under the following conditions:

a.    The Parties to this litigation and their counsel of record, Outside Counsel, and In-House counsel;

b.    The parents, affiliates, officers, directors, employees, or agents of the Parties who have a need to know or see the Confidential Material for purposes of this action;

c.    The third-party administrators, including program administrators, claim administrators, or underwriting administrators, engaged by the Parties who have a need to know or see the Confidential Material for purposes of this action;

d.    The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute the attached "Agreement to be Bound by Consent Protective Confidentiality Order" (attached hereto as Exhibit A);

e.    This Court and this Court's personnel;

f.    Any mediator or arbitrator engaged by the Parties to this litigation;

g.    During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary, unless otherwise agreed by the designating Party or ordered by the Court;

h.    The vendors retained by the Parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, demonstrative and audiovisual aid companies, and stenographers;

i.    The secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

j.    The author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

k.    To the extent contractually obligated, any insurer or reinsurer, and the Parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

l.    Regulatory authorities if required by such regulatory body; and

m.    Other persons only after notice to all Parties and upon order of the Court, or upon written consent of the Parties.

6.      Designation of any document as "Confidential" should be made before a copy of the document is disclosed or produced.  Each page of any document subject to this Order shall be stamped or otherwise affixed with the legend "CONFIDENTIAL" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order.  Any confidentiality designation which is inadvertently omitted subsequent to the Court's Order may be corrected by reproducing the document with the proper designation.

7.      Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial, as exhibits during depositions, or in connection with motions filed with the Court.  Paragraph 19, below, governs the process for using Confidential Material in filings with the Court, at hearings, and at trial. Nothing in this Order alters either Party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure.  The Party's participation in this Order, the production of Materials, and the designation of Materials as Confidential during discovery in this action does not mean that any Party concedes that the Materials are relevant and admissible at trial.  By participating in this Order, no Party waives any rights to challenge the relevance and admissibility of the Materials based on the Federal Rules of Evidence.

8.      At the request of a non-party subpoenaed by a Party in this action, this Order shall apply to the Material discovered from that non-party.  Following any

11

such request, the term "Party" as used in this Order shall be interpreted to include such subpoenaed non-party so that the subpoenaed non-party receives the protections contemplated by this Order with respect to Confidential Material produced by that non-party.

9.      If counsel for a Party receiving Confidential Material objects to that designation in whole or in part, counsel shall serve on the designating Party a written objection describing with particularity the grounds for objection.  Counsel for the designating Party shall respond to the objection in writing within twenty-one (21) calendar days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand.  If the designating Party does not timely respond to the objection, the objection stands and the challenged designation is deemed void.  If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) business days by phone or videoconferencing platform in an effort to resolve the dispute.  If the dispute cannot be resolved, the proponent of the challenge, i.e. the Party who opposes the confidentiality designation, shall present the dispute to this Court.  The Parties may, by written agreement, enlarge the deadlines set forth in this paragraph.  For example, the Parties may jointly agree to defer such challenges and responses until an agreed upon time prior to summary judgment briefing and/or preparation of exhibit lists.

10.    To the extent consistent with applicable law, the inadvertent disclosure of Confidential Material, including deposition testimony, that should have been designated as such shall not be deemed to waive a Party's claim of confidentiality, in whole or in part, as to the material disclosed.  Inadvertent disclosures may be rectified by written notification given at any time after disclosure to all Parties receiving it, and such notice shall constitute a designation of the Material as Confidential Material under this Order.  For example, inadvertent failure to designate information or Material, including deposition transcripts, as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such material as "Confidential," in which event the designating Party shall, at its own expense, provide new copies of the newly designated materials to the receiving Parties.  The Parties receiving such supplemental written notice shall thereafter treat the information and materials so designated as "Confidential," and such information or materials shall be fully subject to this Order as if they had been initially so designated.  When information or material is subsequently designated as "Confidential" all receiving Parties shall in good faith assist the producing Party in retrieving such material from all persons to whom they provided such material before it was designated as "Confidential," but who as a result of that subsequent designation are not entitled to possess such

13

material under the terms of this Order, and shall prevent further disclosures except as authorized under the terms of this Order.

11.   If any Party or counsel learns, by inadvertence or otherwise, that Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating Party by phone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

12.   The following information shall not be considered Confidential Material under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a Party as a result of a publication not involving a violation of this Order; (c) information already known to a Party through proper means prior to disclosure; and (d) information that is or becomes available to a Party from a source other than the Party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

**Non-Waiver Pursuant to Federal Rule of Evidence 502(d)**

13.   The production of Material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity ("Privileged

14

Information"), whether inadvertent or otherwise, does not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

a. If a receiving Party discovers that it is in receipt of Material that it reasonably believes might contain Privileged Information, it shall notify the producing Party, and identify the document in question, within ten (10) business days of such discovery.

b. Upon discovery by a producing party (whether by notice from the receiving Party, or otherwise) that it did or may have produced Privileged Information, the producing Party shall, within ten (10) business days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party. The Clawback Letter shall (i) identify the Material in question by Bates number or otherwise; (ii) identify the basis on which the privileged information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or a cross reference to an existing privilege log entry for such Material. The requirements in this paragraph apply equally to instances in which a producing Party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this

protocol, "discovery" shall mean "actual notice"; production of Privileged Information alone is insufficient to constitute actual notice.

c.  Upon receipt of a Clawback Letter, the receiving Party shall promptly destroy or delete all Material containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving Party plans to challenge the claim of privilege.  The receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information.  The producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d.  If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing.  The producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute.

e.  In the event that the Parties do not resolve their dispute, the receiving Party may bring a motion for a determination of whether a privilege

applies.  If such a motion is made, the producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers.  This in camera submission to the Court shall not constitute a waiver of any privilege or protection.  Any motion to determine whether a privilege applies shall be filed no later than thirty (30) business days after the Parties meet and confer.  All Material identified in any Clawback Letter shall be included in the privilege logs produced by the Parties.  The obligations of the Parties set forth in this section apply irrespective of the care taken by the producing Party to prevent inadvertent disclosure.

f.    Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving Party may challenge the assertion of any privilege or protection by the producing Party.

g.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Material for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

h.    Nothing herein shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work product privilege or

17

other applicable privilege or immunity designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving Party of its obligation to return or delete materials pursuant to sub-part (c) above, and the receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials.  If the receiving Party submits such a challenge to the Court, the producing Party must promptly present the material to the Court under seal for a determination of the claim.

 i. The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the Parties or by the Court.

 j. In addition to any other obligation to preserve Material, the producing Party must preserve any Material recalled under this Paragraph for the duration of this litigation.

**Other Matters**

14. This Order does not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground.  This Order is entered without prejudice to the right of any Party to move the Court for modification of or relief from any of its terms.

15.     Any person or Party subject to this Order who in another proceeding becomes subject to a motion to disclose another Party's information designated Confidential pursuant to this Order shall promptly notify that Party of the motion so that Party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the motion.

16.     Upon final settlement or other conclusion of this litigation, including any appeal, every Party subject to this Order must either return all original Confidential Material to the originating source or maintain and keep all Confidential Material confidential in accordance with this Order.

17.     The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

18.     This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

**Court's Instructions to Parties and Counsel**

19.     Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the

procedures outlined in Section III.k. of the Court's Standing Order Regarding Civil Litigation.

Those procedures are as follows.

For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wish to be sealed should be <u>provisionally</u> filed on CM/ECF, per the directions set out in <u>Procedures for Electronic Filing Under Seal in Civil Cases</u> on the Court's website under "Electronic Case Filing Info." <u>See also</u> Appendix H to the Local Rules, NDGa. Counsel should <u>not</u> send paper copies of the documents to chambers or to the Clerk's Office.

For tangible things other than documents, the parties shall deliver the items to the Courtroom Deputy Clerk in chambers along with a proposed order permitting the tangible things to be filed under seal.

The Court will review, in camera, the documents and tangible things sought to be sealed. If the Court agrees that they should be sealed, the proposed order will be filed.

The Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances. A Party who seeks to

introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. The Court will review the protected documents, tangible things or information in camera and make an oral ruling. If the oral motion to seal is granted, the Clerk will file any such documents or tangible things under seal.

If a document contains some discrete material that is deemed confidential and subject to protection from public disclosure under Fed. R. Civ. P. 26(c), the parties will be entitled to redact only those portions of the document deemed confidential. The Court cautions that only in rare instances will it be appropriate to seal an entire document from public access. Thus, pleadings, motions or briefs which mention or reference a document containing confidential information, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format. Where it is necessary for the parties to quote or disclose protected confidential information in pleadings, motions or briefs, the parties shall file redacted versions of their pleadings, motions or briefs.

**Dated**: June 1, 2026

**STIPULATED AND AGREED TO BY:**

/s/ *Benjamin W. Thorpe*
Benjamin W. Thorpe
Naveen Ramachandrappa
Matthew R. Sellers
E. Allen Page
Kayla P. Gannon
**Bondurant, Mixson & Elmore, LLP**
1201 W Peachtree St NW, Suite 3900
Atlanta, Georgia 30309
Tel: (404) 881-4100
thorpe@bmelaw.com
ramachandrappa@bmelaw.com
sellers@bmelaw.com
page@bmelaw.com
polonsky@bmelaw.com

*Attorneys for Plaintiff James G. Baker, as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*

/s/ *Shari L. Klevens*
Shari L. Klevens
**Dentons US LLP**
303 Peachtree Rd NE, Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
shari.klevens@dentons.com

Christina M. Carroll
(admitted *pro hac vice*)
**Dentons US LLP**
1900 K Street NW
Washington, DC 20006
Tel: (202) 496-7212
christina.carroll@dentons.com

*Attorneys for Defendant Aspen Specialty Insurance Company*

22

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| JAMES G. BAKER, *as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*,<br><br>  *Plaintiff*,<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY,<br><br>  *Defendant*. | CIVIL ACTION FILE<br>NO. 1:26-CV-00163-JPB |

## AGREEMENT TO BE BOUND BY CONSENT PROTECTIVE CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he/she has read the Consent Protective Confidentiality Order in the above-captioned action (this "Action") and attached to this Agreement, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Georgia Atlanta Division for the purpose of proceedings relating to my performance under, compliance with or violation of the Consent Protective Confidentiality Order.

The undersigned understands that the terms of the Consent Protective

23

Confidentiality Order obligate him/her to use materials designated as "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" or substantially equivalent language, in accordance with the Consent Protective Confidentiality Order solely for purposes of this Action. The undersigned shall not disclose any information contained in materials designated as "CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" to any other person or entity except in accordance with the Consent Protective Confidentiality Order.

The undersigned agrees that at the conclusion of the litigation, he/she will return all confidential information to the Party or attorney from whom he/she received it.

The undersigned understands that disclosure of information designated "C CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" in violation of the Consent Protective Confidentiality Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed Name: _____

Signature: _____

24

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAMES G. BAKER, *as Chapter 7 Trustee for the Bankruptcy Estate of Connie Kimberly George*,

     *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE COMPANY,

     *Defendant*.

CIVIL ACTION FILE
NO. 1:26-CV-00163-JPB

**[PROPOSED] ORDER**

This matter is before the Court on the Joint Motion for Entry of Consent Protective Confidentiality Order [Doc. __]. After review, **IT IS HEREBY ORDERED** that the Consent Protective Confidentiality Order is approved and incorporated by reference as if fully set forth herein.

**IT IS SO ORDERED**, this _____ day of _____, 2026.

_____
**Honorable J. P. Boulee**
United States District Judge
Northern District of Georgia

25